WATERPROOFING CO. v. NEAL FARNHAM, Inc., et al.

(Circuit Court, S. D. New York.   January 4, 1911.)

TRADE-MARKS AND TRADE-NAMES (§ 95*)—INFRINGEMENT—PRELIMINARY IN-
    JUNCTION.

    A motion for preliminary injunction against the infringement of a
trade-mark will not be granted where the use of the trade-mark com-
plained of in an advertisement was only for a week and has been discon-
tinued, but leave will be granted to renew the motion if the defendant
continues to use the name in advertising.

    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
Dig. § 108; Dec. Dig. § 95.*]

In Equity.  Suit by the Waterproofing Company against Neal Farn-
ham, Incorporated, and others.  On motion for a preliminary injunc-
tion.  Denied.

D. A. Usina, for complainant.
F. Warren Wright, for defendants.

COXE, Circuit Judge.  This is a motion for an injunction restrain-
ing the infringement of the alleged trademark "Hydrolithic" which
was registered June 12, 1910.  This trademark has never been adjudi-
cated; its validity is in dispute.  The affidavits do not show a case of
general acquiescence.  The particular act of infringement complained
of is the publication by the defendant J. P. Beck of a program of a Ce-
ment Exhibition given during last month at the Madison Square Gar-
den in the city of New York.  This program contains an advertise-
ment by the defendant Neal Farnham in which the words "Hydro-
lithic Waterproofing for Sub-Structural Walls" are inserted.  This
exhibition lasted but a week or so and was finally closed in the latter
part of December.  No future damages can therefore be attributed to
this particular act.  Whatever damages there are have already accrued
and cannot be affected one way or the other by an injunction.  The
defendant Farnham does not sell his product under the name of "Hy-
drolithic" and does not use that name upon boxes, packages or bun-
dles.  His product is sold under the name of "Waxin."  It is not at
all unlikely that two fair and intelligent business men will reach a
settlement of so inconsequential a dispute, but even should the case go
to a final hearing it will in the usual course be decided on its merits
before any serious damage can be suffered by the complainant.  Upon
proof that the defendant continues to advertise by using the name
"Hydrolithic" as in the catalogue of the Cement Show, a renewal of
this motion may be had.  As at present presented, the case is not one
for a preliminary injunction.

The motion is denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes